UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARDELL COWART,<br><br>            Plaintiff,<br><br>    v.<br><br>D. CHAVEZ, et al.,<br><br>            Defendants. | **CASE No. 1:16-cv-0368-AWI-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint is before the Court for screening.

**I.    SCREENING REQUIREMENT**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    PLEADING STANDARD**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. PLAINTIFF'S ALLEGATIONS

At all relevant times Plaintiff was an inmate housed at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. He names the following CSATF correctional staff as Defendants: Correctional Officer ("CO") D. Chavez, Correctional Lieutenant ("Lt.") S. Deathriage, and John Does 1 through 4.

Plaintiff's claims can be summarized essentially as follows:

On September 10, 2015, in the middle of a staph infection outbreak at CSATF, Plaintiff cleaned the area around his bunk in a shared dorm, including removing sheet strips tied to the bunk by another inmate. CO Chavez came to inspect the area and then later called Plaintiff into the building's main office where she directed Plaintiff to sign a document authorizing the removal of funds in the amount of $22.11 from plaintiff's trust account for the alleged destruction or damage of certain items, including sheets, a laundry bag, and a blue chambray shirt. Plaintiff denies having destroyed or damaged any property issued to him, and denies that the items identified by CO Chavez belonged

to another inmate. When he refused to sign the document, CO Chavez threatened to freeze Plaintiff's trust account and to issue a Rules Violations Report ("RVR") for destruction of state property. Plaintiff did not sign the document, and an RVR issued.

On September 23, 2015, a hearing was held on the RVR. Plaintiff appeared at the hearing, presented testimony, and offered evidence. The hearing officer, Lt. Deathriage, found Plaintiff guilty after improperly relying on CO Chavez's statements. Lt. Deathriage said, "How do I know you didn't do it? You inmates think you know everything, you don't know shit." Plaintiff was assessed a 60-day loss of credit, a 90-day loss of privileges, and a confiscation of Plaintiff's appliances.

After receiving a final copy of the RVR on October 28, 2015, Plaintiff filed an inmate appeal on November 10, 2015. Due to delays caused by prison staff, this appeal was ultimately denied as untimely.

Plaintiff seeks damages and injunctive relief.

**IV.   ANALYSIS**

    **A.   *Heck* Bar**

Plaintiff alleges here that he lost sixty days of good-time credits as a result of the disciplinary at issue in this case and seeks their restoration. State prisoners may not challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar,[1] this limitation applies whenever state prisoners "seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81 (emphasis in original). Accordingly, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

---

[1] See Heck v. Humphrey, 512 U.S. 477 (1994).

proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82. The favorable termination rule applies to prison disciplinary proceedings if those proceedings resulted in the loss of good-time or behavior credits. Edwards v. Balisok, 520 U.S. 641, 646-48 (1997).

Here, Plaintiff alleges that defendant Chavez falsified the RVR against him and that Lt. Deathriage improperly found Plaintiff guilty at the RVR hearing by failing to properly consider Plaintiff's testimony and evidence. A favorable finding on these claims would necessarily imply the invalidity of the disputed disciplinary finding. There is no allegation that Plaintiff's disciplinary conviction has been reversed, expunged, or otherwise invalidated. Where the success of the prisoner's action would decrease the length of his sentence, which appears to be the case here, a § 1983 claim is not cognizable until the disciplinary conviction has been invalidated. Edwards, 520 U.S. at 648.

It appears that Plaintiff's success in this action on his claims of retaliation arising out of the allegedly false RVR and his claims of due process violations arising out of the disciplinary proceedings would necessarily invalidate the result of the disciplinary hearing. However, Plaintiff will be given an opportunity to amend the complaint to clarify the issue. If Plaintiff chooses to amend his complaint, he must address (1) whether the disciplinary conviction at issue has been overturned or invalidated and (2) if it has not been overturned or invalidated, whether a decision overturning it would affect the length of his sentence. If the disciplinary conviction has not been invalidated and a decision overturning it would affect the length of Plaintiff's sentence, or if Plaintiff fails to address these issues, the entire complaint is subject to dismissal without leave to amend.

### B.  **Failure to State a Claim**

Independent of the Heck bar, Plaintiff's allegations fail to state a due process claim against the Defendants, but may state a First Amendment retaliation claim against CO Chavez. If, in his amended complaint, Plaintiff is able to overcome the Heck bar, he must also address the deficiencies set forth below if he is to proceed with his claims.

4

### a. Linkage

Plaintiff names John Does 1 through 4, but asserts no charging allegations as to them. Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must allege specific facts linking each Defendant to his claim.

### b. Eleventh Amendment Immunity

Plaintiff does not clarify whether he is bringing suit against the Defendants in their official capacities. In the event that he is, Plaintiff's claim for damages is barred. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for declaratory or injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. System, 939 F.2d 676, 680 fn.2 (9th Cir. 1991).

### c. Due Process

With respect to Plaintiff's claims against defendant CO Chavez, prisoners do not have a right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under § 1983. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) ("[A]n allegation that a

prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections ... are provided."). Plaintiff's allegation that defendant CO Chavez violated his due process rights by falsifying the RVR therefore fails to state a claim.

As for Plaintiff's claim that the Defendants violated Plaintiff's due process throughout the proceedings on his rules violation, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). An inmate subject to disciplinary sanctions that include the loss of good time credits must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the action, id. at 564-65; (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. A finding of guilt must also be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

Plaintiff's allegations fail to state a claim for relief. He does not allege that he did not receive timely notice of the hearing, that he did not receive a written statement by Lt. Deathriage, that he was denied the opportunity to call witnesses or submit evidence, that he required but was denied assistance at the hearing, or that Lt. Deathriage was not a sufficiently impartial fact finder. Finally, even if the Court assumes that Lt. Deathriage violated Plaintiff's rights by finding him guilty, it appears that there was "some" evidence on the record from which the factfinder could have found Plaintiff guilty.

### d. Retaliation

Although Plaintiff cannot state a due process claim, "prisoners may still base retaliation claims on harms that would not raise due process concerns." Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997). Inmates have a right to be free from the filing of false

6

disciplinary charges in retaliation for the exercise of constitutionally protected rights. Watison v. Carter, 668 F.3d 1108, 1115 (9th Cir. 2012); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); see also Pratt, 65 F.3d at 806. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Prisoner retaliation claims should be evaluated in light of Sandin v. Conner, 515 U.S. 472 (1995), in which the Supreme Court expressed disapproval of excessive judicial involvement in day-to-day prison management. Pratt, 65 F.3d at 807.

Plaintiff accuses CO Chavez of issuing a false RVR in retaliation for Plaintiff's refusal to approve withdrawal of funds from his trust account. Liberally construed, Plaintiff's First Amendment retaliation claim is cognizable because he alleges that CO Chavez (1) issued a false RVR (2) because of (3) Plaintiff's refusal to sign a document[2], and that this conduct (4) chilled Plaintiff's exercise of his First Amendment rights, and (5) this action did not reasonably advance a legitimate correctional goal. The Court thus concludes Plaintiff's First Amendment retaliation claim against CO Chavez may proceed if he is able to overcome the Heck-bar referenced supra.

---

[2] The Court notes that there does not appear to be a consensus as to whether an inmate's refusal to sign a document amounts to protected conduct under the First Amendment. See Collins v. Williams, 2012 WL 3262862, at *6 (D. Nev. Aug. 8. 2012) (holding that defendants are entitled to qualified immunity because "[I]t was not clearly established at the time of the incident (or now) that refusing to sign the waiver was a First Amendment protected act of speech"). Compare Parra v. Hernandez, 2008 WL 5765843, at *4 (S.D. Cal. July 22, 2008) (plaintiff's refusal to sign a double-cell agreement form was not protected conduct) with McCoy v. Evans, 2011 WL 3878374, at *11 (N.D. Cal. Sept. 1, 2011) (plaintiff's retaliation claim based on his refusal to sign a form was sufficient to state a claim) and Furnace v. Evans, 2006 WL 3647685 (N.D. Cal. Dec. 12, 2006) (plaintiff's retaliation claim allowed to proceed when based on his refusal to sign a form). The Court will error, if at all, in finding this to be protected conduct.

## V. **CONCLUSION**

Based on the foregoing, the Court finds that Plaintiff states a First Amendment retaliation claim against CO Chavez, but that this action appears to be Heck-barred. Plaintiff will, however, be granted leave to amend. As noted supra, if Plaintiff chooses to amend his complaint, he must address (1) whether the disciplinary conviction at issue has been overturned or invalidated and (2) if the disciplinary has not been overturned or invalidated, whether a decision overturning the disciplinary would affect the length of his sentence. Additionally, a first amended complaint must state what each named Defendant did that led to the deprivation of his constitutional rights. Iqbal, 556 U.S. at 676-77. Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an "amended complaint supersedes the original" complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's March 17, 2016, Complaint (ECF No. 1) is dismissed for failure to state a claim;

2. Plaintiff shall file a First Amended Complaint within thirty days from the date of this Order; and

3. Plaintiff's failure to file an amended complaint within thirty days will result in a recommendation that this action be dismissed without prejudice for failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated: April 20, 2016          /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE