UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARDELL COWART,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. CHAVEZ, et al.,<br><br>　　　　Defendants. | **CASE No. 1:16-cv-0368-AWI-MJS (PC)**<br><br>**FINDINGS & RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE**<br><br>**(ECF NO. 8)**<br><br>**FOURTEEN-DAY OBJECTION PERIOD** |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was previously dismissed with leave to amend for failure to state a claim. (ECF Nos. 1, 7.) Before the Court for screening is Plaintiff's First Amended Complaint. (ECF No. 8.)

**I.      SCREENING REQUIREMENT**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     PLEADING STANDARD**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for

vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III.   PLAINTIFF'S ALLEGATIONS

At all relevant times Plaintiff was an inmate housed at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. He names the following CSATF correctional staff as Defendants: Correctional Officer ("CO") D. Chavez and Correctional Lieutenant ("Lt.") S. Deathriage.

Plaintiff's claims can be summarized essentially as follows:

On September 10, 2015, in the middle of a staph infection outbreak at CSATF, Plaintiff cleaned the area around his bunk in a shared dorm. CO Chavez came to inspect the area and then later called Plaintiff into the building's main office where she directed Plaintiff to sign a document authorizing the removal of funds in the amount of $22.11 from Plaintiff's trust account. This withdrawal was for the alleged destruction or damage of certain items, including sheets, a laundry bag, and a blue chambray shirt. Plaintiff

denies having destroyed or damaged any state-issued property. When he refused to sign the document, CO Chavez threatened to freeze Plaintiff's trust account and to issue a Rules Violations Report ("RVR") for destruction of state property. Plaintiff did not sign the document, and an RVR issued.

On September 23, 2015, a hearing was held on the RVR. Plaintiff appeared at the hearing, presented testimony, and offered evidence. The hearing officer, Lt. Deathriage, found Plaintiff guilty after improperly relying on CO Chavez's statements. Lt. Deathriage said, "How do I know you didn't do it? You inmates think you know everything, you don't know shit." Plaintiff was assessed a 60-day loss of credit, a 90-day loss of privileges, and a confiscation of Plaintiff's appliances.

After receiving a final copy of the RVR on October 28, 2015, Plaintiff filed an inmate appeal on November 10, 2015. Due to delays caused by prison staff, this appeal was ultimately denied as untimely.

Plaintiff seeks damages as well as declaratory and injunctive relief.

## IV. ANALYSIS

State prisoners may not challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar,[1] this limitation applies whenever state prisoners "seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81 (emphasis in original). Accordingly, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82.

---

[1] See Heck v. Humphrey, 512 U.S. 477 (1994).

The favorable termination rule applies to prison disciplinary proceedings if those proceedings resulted in the loss of good-time or behavior credits. Edwards v. Balisok, 520 U.S. 641, 646-48 (1997).

In the Court's prior Screening Order, Plaintiff was advised that this action may be barred by Heck because success in this lawsuit would necessarily invalidate the prison disciplinary finding that Plaintiff was guilty of destroying state-issued property, and the disciplinary, which assessed the loss of good-time credits, has not been reversed or expunged. In the First Amended Complaint, Plaintiff states that this action is not Heck-barred because, following a period of good behavior, he will receive "credit forfeiture restoration" of the 60-days assessed against him pursuant to California administrative procedures and that therefore success in this action would not affect the duration of his confinement.

If the credits were restored to Plaintiff, Heck's favorable termination rule arguably would not bar this action pursuant to Ramirez v Galaza, 334 F.3d 850 (9th Cir. 2003), because success here would not affect the length of Plaintiff's confinement.[2] See Garcia v. Chavez, 1:09-cv-1648-AWI-SKO, 2011 WL 3715514, at *10 (E.D. Cal. Sept. 16, 2010) ("[B]ecause the time credit forfeited by Petitioner has been restored, Petitioner's claim concerning the invalidity of the disciplinary procedures does not directly or necessarily affect the fact or duration of his custody."); but see Green v. Delgado, 1:14-cv-0297-LJO-JLT, 2015 WL 7252356, at *2 (E.D. Cal. Nov. 17, 2015) ("Since the 61 days of good time credits which Plaintiff forfeited as a result of the guilty RVR finding were restored merely for a period of Plaintiff's good behavior such restoration does not meet the "favorable

---

[2] In Ramirez, the Ninth Circuit Court of Appeals held that the application of Heck "turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." Id. at 856. There, a prisoner brought a civil rights action under § 1983, not a habeas petition, to challenge procedures used in imposing disciplinary sanctions of ten days of disciplinary detention, 60 days loss of privileges and a referral to administrative segregation. 334 F.3d at 852-53. He was not subject to a loss of good time credits. Id. He sought expungement of the disciplinary record from his file and an injunction prohibiting the state from considering it "when they fix plaintiff's terms and decide whether plaintiff should be released on parole." Id. at 859 n.6. The Court of Appeals held that the favorable termination rule does not apply to prison disciplinary sanctions that do not necessarily affect the fact or length of a prisoner's confinement. Id. at 854-58.

termination" requirement to reverse the dispositive grant of summary judgment.) However, Plaintiff has not alleged that the credits have been restored to him. Instead, he asserts that they may be restored at some point in the future, and that restoration is not certain ("Classification will make the final determination whether inmate is eligible for restoration."). Plaintiff also does not allege that he is serving an indeterminate life sentence such that any loss of good-time credits would not have any impact on the length of Plaintiff's confinement. Ramirez, 334 F.3d at 858 ("[W]here ... a successful § 1983 action would not necessarily result in an earlier release from incarceration ... the favorable termination rule of Heck and Edwards does not apply.") As it stands, then, the good-time credits have not been restored, and Plaintiff's claims remain within the purview of Heck.

Plaintiff alleges in this case that defendant Chavez falsified the RVR against him in retaliation for Plaintiff's refusal to sign a document and that Lt. Deathriage improperly found Plaintiff guilty at the RVR hearing by failing to properly consider Plaintiff's testimony and evidence. A favorable finding on these claims would necessarily imply the invalidity of the disputed disciplinary finding. For this reason, the Court concludes that Plaintiff's claims are Heck-barred and must be brought in a petition for writ of habeas corpus.

**V.      CONCLUSION**

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file

1 | objections within the specified time may result in the waiver of rights on appeal.
2 | <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923
3 | F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   June 22, 2016           /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE